```
           IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| EVANSTON INSURANCE COMPANY, | ) | |
| an Illinois Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CV3011 |
| | ) | |
| v. | ) | |
| | ) | |
| LEXINGTON INSURANCE COMPANY, | ) | MEMORANDUM AND ORDER |
| a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant has filed a motion for place of trial in Omaha and has included in the motion statements that the underlying litigation is pending in Omaha, the injury incident occurred in Omaha and Omaha has better flight connections for defendant Lexington's (unnamed) witnesses. Plaintiff has not responded to the motion.

Since this is a declaratory judgment action, it is not likely that many witnesses will be called for live testimony. Records can be brought or emailed or otherwise transmitted to the place of trial, wherever it is. I do not see the location of the underlying litigation as determinative, except as for one factor, which I do see as important. According to the complaint in this case, the state litigation was filed October 27, 2006, is apparently ongoing, and defense services are being provided by Evanston apparently under a reservation of rights. Evanston now seeks a declaration that Lexington is the primary carrier liable for defending the underlying state litigation and paying any indemnification claims.

Important is the fact that the state case has been on file for two years and is ongoing. Therefore it is in the interests of both parties that the coverage question be resolved promptly. Because the docket in Lincoln moves more quickly than the docket in Omaha, a Lincoln trial would serve the interests of the parties to this case as well as those in the underlying case.

IT THEREFORE HEREBY IS ORDERED,

Defendant's motion for trial in Omaha, filing no. 17, is denied.

DATED this 1st day of April, 2009.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge