IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EVANSTON INSURANCE COMPANY, an Illinois Corporation, and DORE & ASSOCIATES CONTRACTING, INC., an Indiana Corporation, | ) ) ) ) ) ) | 4:09CV3011 |
| Plaintiffs, | ) ) | |
| V. | ) ) | MEMORANDUM AND ORDER |
| LEXINGTON INSURANCE COMPANY, a Delaware Corporation, | ) ) ) ) | |
| Defendant. | | |

The plaintiffs have filed a Motion to Compel Production of Documents and Continue Deposition and For Award of Attorney Fees, (filing no. 57), and a Motion to Extend Progression Deadlines, (filing no. 59).

The defendant did not respond to the motion to continue the progression schedule, and that motion is therefore deemed unopposed. The motion to extend the progression deadlines will be granted.

The plaintiffs' motion to compel seeks an order compelling the defendant to produce documents in response to Plaintiffs' Third Amended Notice of 30(b)(6) Deposition, to provide a privilege log for any documents withheld on the basis of privilege, and to continue and complete an unfinished 30(b)(6) deposition in Omaha, Nebraska. The defendant filed no brief in response to this motion, but did file notice of serving a privilege log. It is not clear whether the privilege log encompasses all the documents requested in the plaintiffs' motion to compel.

The plaintiffs will be afforded time to review the privilege log and determine if the motion to compel is now resolved or whether additional arguments need to be raised. The parties are reminded to consider Rule 502(e) of the Federal Rules of Evidence as a possible means to resolve this dispute. See, e.g., *Wade v. Gaither*, 2010 WL 624249, 2010 U.S. Dist. LEXIS 14456, 7-8 (D. Utah Feb. 20, 2010); *Northern Natural Gas Co. v. L.D. Drilling, Inc.*, 2010 U.S. Dist. LEXIS 8810, 16-17 (D. Kan. Feb. 1, 2010); *In re Avandia Mktg.*, 2009 U.S. Dist. LEXIS 122246, 34-36 (E.D. Pa. Oct. 2, 2009).

Accordingly,

IT IS ORDERED:

1) As to the Motion to Compel Production of Documents and Continue Deposition and For Award of Attorney Fees, (filing no. 57):

    a. On or before August 20, 2010, the parties shall confer and attempt to resolve the plaintiffs' motion to compel, specifically to include the privilege issues and the documents identified in the defendant's privilege log, and whether an agreement and order under Rule 502 could facilitate resolving the motion to compel.

    b. On or before August 27, 2010, the parties shall either jointly advise the court that the motion to compel is resolved and the terms of that resolution, or if matters remain unresolved, the plaintiffs shall file a brief identifying any remaining issues and their arguments for judicial resolution of those issues.

2) The plaintiffs' unopposed Motion to Extend Progression Deadlines, (filing no. 59), is granted, and the progression schedule is amended as follows:

    a. A jury trial is set to commence on April 11, 2011 before Judge Urbom. No more than three (3) days are allocated to the trial of this case and counsel shall plan accordingly. This case is subject to the prior trial of criminal cases and such other civil cases as may be scheduled for trial before this one.

b.  The pretrial conference will be held before the undersigned magistrate judge on March 24, 2011 at 11:00 a.m. One-half hour is allocated to this conference. Counsel shall email a draft pretrial conference order to zwart@ned.uscourts.gov, in either MS Word or WordPerfect format, by 5:00 p.m. on March 23, 2011, and the draft order shall conform to the requirements of the local rules.

c.  As to the issue of liability, the discovery and deposition deadline is October 30, 2010. Motions to compel discovery must be filed at least 15 days prior to the discovery and deposition deadline.

d.  If the parties believe the case can be resolved by cross-motions for summary judgment, they shall file their summary judgment motions, along with their stipulation of facts and affidavits, on or before December 1, 2010.

e.  Absent an agreement by the parties to submit this case on cross motions for summary judgment, the deadline for filing motions to dismiss, motions for summary judgment or motions to exclude expert testimony on *Daubert* and related grounds is December 7, 2010.

f.  The deposition deadline set forth in paragraph "c" does not apply to proving plaintiff's damages at trial. If this case is not resolved by summary judgment in favor of the defendant, the parties will be allowed to depose witnesses on the issue of damages for the purpose of securing trial testimony.

DATED this 6th day of August, 2010.

BY THE COURT:

s/ *Cheryl R. Zwart*
United States Magistrate Judge